IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ERIC DAVIS,<br><br>Plaintiff<br><br>vs.<br><br>M. CLARK, FACILITY MANAGER, SCI ALBION; CORRECTIONAL OFFICER PALKO, SHIFT COMMANDER, SCI ALBION; CORRECTIONAL OFFICER PARTSCH, LIEUTENANT, SCI ALBION; BYERS, COUNSELOR, SCI ALBION; MCHENNY, PSYCHOLOGY DEPARTMENT, SCI ALBION; SANTOS, UNIT MANAGER, SCI ALBION; JOHN DOE, CORRECTIONAL OFFICER ASSIGNED TO I-BLOCK, SCI ALBION; CORRECTIONAL OFFICER, JOHN DOE, SERGEANT ASSIGNED TO I-BLOCK, SCI ALBION; AND JOHN DOE 2, CORRECTIONAL OFFICER ASSIGNED TO I-BLOCK, SCI-ALBION,<br><br>Defendants | 1:21-cv-00188<br><br>SUSAN PARADISE BAXTER<br>UNITED STATES DISTRICT JUDGE<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS<br><br>ECF NO. 20 |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the Motion to Dismiss filed by Defendants M. Clark, Correctional Officer Palko, Correctional Officer Partsch, Byers, McHenny, and Santos [ECF No. 20] be granted with leave to amend in part.

1

II. Report

   A. Background

Plaintiff Eric Davis ("Davis") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution at Albion ("SCI-Albion"). He claims that Defendants, DOC employees at SCI-Albion, violated his Eighth and Fourteenth Amendment rights when he was placed in a Behavioral Adjustment Cell ("BAC"). His complaint alleges the following facts, which the Court accepts as true for purposes of Defendants' motion to dismiss.

During lunch on October 14, 2019, Davis informed Correctional Officer Partsch ("Partsch") that a threat had been made to his safety, and he requested protective custody. ECF No. 14 ¶ 21. Partsch directed Davis to go the medical department and wait for her there. *Id.* ¶ 22. Partsch explained that she did not have the power to move inmates from their housing unit to protective custody but that she would make a phone call on his behalf. *Id.* ¶ 24. After making a phone call, Partsch informed Davis he was assigned a cell on I-block. *Id.* ¶ 25.

The cell was a BAC, which is a cell that has "a hard plastic bed structure with a space engraved for a mattress (but no mattress) also a working toilet, working sink, and desk with no set." *Id.* ¶ 26. Upon arrival at the BAC, correctional officers, by order of Partsch, ordered Davis to remove his shoes and submit to a body search. *Id.* ¶ 27. Davis asked Partsch about receiving a mattress, bedding, and "other much needed supplies from" his cell, and Partsch said he would receive them by bedtime. *Id.* ¶ 28. He was left in the BAC without shoes, bedding, toilet paper, soap, hygiene supplies, or any eating utensils. *Id.* ¶¶ 29, 39. The cell smelled of urine and feces; its walls were stained with what appeared to be bodily fluids; and mold was growing on the sink and toilet. *Id.* ¶¶ 30-32. The cell was "so cold [Davis] was shivering" by dinner time. *Id.* ¶ 34.

He remained in the BAC for 48 hours, during which time an overhead light constantly shone, depriving him of sleep. *Id.* ¶¶ 35, 36.

On October 15, 2019, Counselor Byers ("Byers"), Psychology Department staff member McHenny ("McHenny"), and Unit Manager Santos ("Santos") visited Davis in the BAC. *Id.* ¶ 40. They asked Davis if he wanted to hurt himself or others; he responded, "no." *Id.* ¶ 41. Davis informed them about his reason for requesting protective custody. *Id.* ¶ 43. He also requested a mattress, bedding and hygiene supplies. *Id.* ¶ 42. Later, Davis asked other unnamed correctional officers for permission to take a shower, as well as for bedding and hygiene supplies, but he was ignored. *Id.* ¶ 44.

Placement in a BAC is a form of "Administrative Confinement" and "DOC policy requires that 'whenever practical, written notice of the reasons for (Administrative Confinement) placement be given to the inmate prior to placement, but in all cases within 24 hours after the placement.'" *Id.* ¶¶ 45-46 (citing DC-ADM 802 Administrative Custody Procedures Manual § 1.B.5). Davis did not receive written notice explaining the reason for his confinement to a BAC either before or during his placement. *Id.* ¶ 47.

Davis's time in the BAC left him traumatized and physically injured. *Id.* ¶ 48. He experienced trouble sleeping, does not trust correctional officers or inmates, has numbness in his arm, and experienced back pain for months after being placed in the BAC. *Id.* ¶¶ 49-54.

Davis commenced this civil rights action under 42 U.S.C. § 1983 against Defendants Facility Manager M. Clark ("Clark"), Correctional Officer Palko ("Palko"), Partsch, Byers, McHenny, Santos, Correctional Officer John Doe ("Doe"), Correctional Officer John Doe ("Doe 2"), and Sergeant John Doe ("Doe 3"). *Id.* ¶¶ 1-14. Davis claims that the conditions he experienced during his 48-hour confinement in the BAC constituted cruel and unusual punishment

3

in violation of the Eighth Amendment. He also claims that his placement in the BAC without a proper referral or notification violated his procedural due process rights under the Fourteenth Amendment. He seeks redress of these alleged violations in the form of monetary and declaratory relief pursuant to 42 U.S.C. § 1983. He has sued each Defendant in both his or her individual and official capacities.

Defendants M. Clark, Correctional Officer Palko, Correctional Officer Partsch, Byers, McHenny, and Santos filed the instant motion to dismiss Davis's complaint under Fed. R. Civ. P 12(b)(6). ECF No. 20. Davis filed a response in opposition to the motion to dismiss. ECF No. 34. The motion is ripe for consideration.

B.  Standards of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not opining on whether the plaintiff will likely prevail on the merits; the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed under Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the Court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555.

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In addition, Davis' complaint is subject to this Court's screening obligation under the Prison Litigation Reform Act because he is a prisoner seeking redress "from a governmental entity or officer or employee of a governmental entity...." 28 U.S.C. § 1915A. The court "shall...dismiss the complaint, or any portion of the complaint, if the complaint...is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). This screening obligation "is not excused even after defendants have filed a motion to dismiss," *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008), and the court must dismiss the complaint if it fails to state a claim even "based upon grounds not raised by the

defendants in their motion to dismiss." *Dare v. United States*, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), *aff'd*, 264 Fed. Appx. 183 (3d Cir. 2008) (citations omitted). In performing section 1915 screening, a court uses the same standard that applies to Rule 12(b)(6) motions. *Banks*, 568 F. Supp. 2d at 588.[1]

Finally, because Davis is representing himself, the allegations must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a *pro se* litigant's allegations of fact to state a valid claim upon which relief can be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

C. Analysis

1. Official Capacity Claims

As a preliminary matter, Defendants contend that any claims against Defendants in their official capacities are barred by the immunity afforded to the Commonwealth of Pennsylvania by the Eleventh Amendment. ECF No. 21 at 10-11.

The Eleventh Amendment to the United States Constitution proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). "Because the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, its employees share in the Commonwealth's Eleventh Amendment immunity to the extent that they were sued in their official

---

[1] Accordingly, this Report and Recommendation is applicable to the claims against the John Doe defendants, although these defendants are not moving defendants.

capacities." *Johnson v. Wenerowicz*, 440 Fed. Appx. 60, 62 (3d Cir. 2011). Further, claims against Defendants in their official capacities are legally claims against the Commonwealth of Pennsylvania, and the Commonwealth is not a person that can be sued under 42 U.S.C.§ 1983, even if the Eleventh Amendment permitted this Court to exercise jurisdiction over the claims. *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991).

Accordingly, Defendants' motion to dismiss official capacity claims should be granted, and these claims should be dismissed with prejudice.

    2.    Count I: Eighth Amendment claim: Conditions of Confinement

In Count I, which Davis brings against all Defendants except Clark, he asserts that his confinement in the BAC violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to conditions that deprived him of the minimal civilized measure of life's necessities. ECF No. 14 ¶¶ 95-98.

To state an Eighth Amendment "cruel and unusual punishment" claim, an inmate must allege facts to show that prison officials, with deliberate indifference, acted or failed to act in a manner that deprived the inmate of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Additionally, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Defendants argue that Davis has failed to allege facts to support a finding that his 48 hours in the BAC subjected him to deprivations sufficiently serious to constitute an Eighth Amendment

7

violation. ECF No. 21 at 4-5. Further, they argue that Davis failed to allege that any defendant acted with deliberate indifference. *Id.* at 5.

"The Eighth Amendment is an area of the law that is often fact-intensive and can require balancing the rights of incarcerated citizens with the administrative judgment of prison officials." *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 370 (3d Cir. 2019). The Court must first determine whether the conditions in the BAC, as alleged, were "sufficiently serious" to implicate the Eighth Amendment. *Farmer*, 511 U.S. at 834. In conducting this inquiry, the Court must consider the "totality of the circumstances" surrounding the conditions of confinement. *Washington v. Wetzel*, 2022 WL 1782509, at *10 (W.D. Pa. June 1, 2022) (citing *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). Relevant factors include the duration of time the inmate was subjected to unsanitary or otherwise harmful conditions, the severity of the conditions, and whether the inmate suffered any injury or adverse health effect due to the condition. *See id.*

It must first be noted that Davis was placed in the BAC as a result of his request for protective custody. There is no allegation that the placement was motivated by anything other than Davis's protection. It must further be noted that Davis's stay in the BAC was of limited duration. Any condition of confinement is less likely to be found to be extreme when the confinement is limited to 48 hours. With those considerations in mind, Davis's claim is based on: (1) unsanitary conditions; (2) lack of a mattress and bedding; (3) cold temperature; and (4) constant light.

"Unsanitary conditions can be cruel and unusual." *Allah v. Bartkowski*, 574 Fed. App'x. 135, 138 (3d Cir. 2014) (citing *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992)). However, similar (or worse) conditions endured for a similar (or longer) period have been found not to amount to a serious deprivation. *See Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (Eighth

8

Amendment was not violated despite prisoner being held in a cell for three days with blood on the walls and feces on the floor); *Mitchell v. Horn*, 2005 WL 1060658, at *3 (E.D. Pa. May 5, 2005) (four-day confinement in a cell smeared with human waste and infested with flies did not to amount to Eighth Amendment deprivation).

Davis also alleges that the Defendants deprived him of a mattress and bedding, which caused him back pain for several months following his stay in the BAC and which continues to cause him to suffer occasional numbness in his arms. Again, the short duration of the BAC stay is essentially dispositive. *See Andrews v. Vance*, 2005 WL 3307334, at * 3 (M.D. Pa. Dec. 6, 2005) (prisoner's deprivation of a mattress for two days, resulting in injury to his back, did not violate the Eighth Amendment) (citing *Castro v. Cheney*, 1998 WL 767467, at *6 (E.D. Pa. Nov. 3, 1998) (deprivation of blanket and mattress for two days does not rise to level of constitutional violation); and *Stephens v. Cottey*, 145 F. App'x 179, 181 (7th Cir. 2005) (holding no Eighth Amendment violation exists where prisoner spent three days without a mattress sleeping on a metal bedframe and five days with no bedframe sleeping on the floor)).

Finally, Davis claims that his cell lights were left on throughout his entire stay in the BAC cell, disrupting his sleep, and that his cell was so cold that he found himself shivering. ECF No. 14 ¶¶ 34, 36. The United States Court of Appeals for the Third Circuit has held that "extreme and protracted deprivation of warmth and the ability to sleep" can result in an excessive risk to an inmate's health and welfare. *Mammana*, 934 F.3d at 373. In *Mammana*, the Third Circuit found the plaintiff's allegations concerning four days he spent deprived of clothing, in a cold cell with only paper-like covering and a constant bright light shining were sufficient to assert an Eighth Amendment violation. However, in contrast to those allegations, Davis alleges that he was

subjected to overhead light and cold cell conditions for half of that amount of time; further, although he was deprived of bedding, he was not deprived of clothing during his time in the BAC.

While the discomfort and unpleasant conditions Davis experienced in the BAC were not ideal, due to his limited stay therein for the purpose of fulfilling his request for protection, the conditions alleged do not rise to the level of a constitutional violation. Further, even assuming *arguendo* that they did, Davis fails to allege facts sufficient to support a finding that any defendant acted with deliberate indifference to his health and safety.

As set forth above, to be deliberately indifferent, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Further, a defendant must have had personal involvement in the constitutional violation, "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Davis alleges that, at different times, he asked Partsch, Byers, McHenny, Santos, several unnamed correctional officers[2] for supplies to ameliorate the uncomfortable and/or unhygienic conditions in the BAC and they either assured him such items were coming (Partsch) or effectively ignored the requests (others). These allegations fall well short of establishing deliberate indifference. There are no allegations that these officials actually inferred, from either the state of the BAC at the time of their visit thereto and/or Davis's requests, that the conditions in the cell constituted a substantial risk of serious harm to him.

In short, Davis has failed to allege sufficient facts to support this claim. It should be dismissed.

---

[2] Davis does not make clear if these unnamed officers are the John Does in the caption of the Complaint. Further, Davis makes no allegations in relation to Palko. These defendants' personal involvement is not adequately alleged.

10

3. Count II: Eighth Amendment claim: Failure to intervene

In Count II, also brought against all Defendants except Clark, Davis asserts that these Defendants failed to intervene to prevent his continued confinement in unconstitutional conditions. *Id.* ¶¶ 99-101. This claim is duplicative of Count I and it fails for the same reasons.

4. Count III: Eighth Amendment claim: Supervisory liability

In Count III, Davis asserts a supervisory liability claim against Clark, the facility manager at SCI-Albion, for establishing and maintaining a policy, practice, and custom of confining inmates to BACs, in unconstitutional conditions, with no penological justification. *Id.* ¶¶ 102-09.

A supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates if the supervisor either: (1) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm; or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

In support of this claim, Davis alleges merely a formulaic recitation of the elements of a supervisory liability claim, ECF No. 14 ¶ 89-94. Such conclusory statements are insufficient to survive a motion to dismiss. *Santiago v. Warminster Twp.*, 629 F.3d 121, 132 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 681). Further, as set forth above, Davis has failed to assert a viable claim of a constitutional violation. Thus, this claim fails on both bases.

5. Count IV: Fourteenth Amendment claim

Davis's final claim, asserted against all Defendants except Clark, is that his confinement to the BAC violated his Fourteenth Amendment right to procedural due process because it was effected without the proper procedural steps being taken. ECF No. 14 ¶¶ 110-12.

In order to state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege that: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). In the prison context, deprivation of a legally cognizable liberty interest occurs when the prison imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Confinement in administrative or protective custody does not in itself constitute an atypical or significant hardship. *Id.* at 486-87.

Davis asserts that Defendants failed to follow DOC policy prior to placing him administrative custody, ECF No. 14 ¶¶ 111-12; however, violations of internal DOC policy do not alone give rise to a constitutional claim. *See Waldron v. Wetzel*, 2020 WL 3084082, at *6 (W.D. Pa. June 10, 2020) (collecting cases). Davis fails to allege that his confinement in the BAC presented an atypical and significant hardship, *i.e.*, involving conditions dissimilar to those imposed on other inmates in administrative or protective custody. Accordingly, Defendants' Motion to Dismiss as to Count Four should be granted.

D. Conclusion

For the above reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 20, be granted. However, when dismissing a *pro se* civil rights complaint in whole or in part, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Accordingly, Davis should be permitted to amend his complaint as to the claims not dismissed with prejudice.

III.  Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated: August 10, 2022

RICHARD A. LANZILLO
United States Magistrate Judge