IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-188 |
| | ) | |
| **M. CLARK, FACILITY MANAGER,** | ) | |
| **SCI ALBION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## **MEMORANDUM ORDER**

This *pro se* prisoner civil action was received by the Clerk of Court on July 26, 2021 and referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. ECF No. 1. Plaintiff, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), has brought claims under 42 U.S.C. §1983 against various employees of the Pennsylvania Department of Corrections ("DOC") who allegedly violated his constitutional rights in the course of confining him to a Behavioral Adjustment Cell ("BAC"). Those named as Defendants in this action include:

- "M. Clark, Facility Manager SCI Albion" (hereafter, "Clark");
- "Correctional Officer Palko, Shift Commander, SCI Albion" (hereafter, "Palko");
- "Correctional Officer Partsch, Lieutenant, SCI Albion" (hereafter, "Partsch");
- "Byers, Counselor, SCI Albion" (hereafter, "Byers");
- "McHenny, Psychology Department, SCI Albion" (hereafter, "McHenny");
- "Santos, Unit Manager, SCI Albion" (hereafter, "Santos");
- "John Doe, Correctional Officer assigned to I-Block, SCI Albion";

1

- "Correctional Officer";
- "John Doe, Sergeant Assigned to I-Block, SCI Albion"; and
- "John Doe 2, Correctional Officer Assigned to I-Block, SCI-Albion."

In his four-count complaint, Plaintiff asserts various Eighth Amendment and Fourteenth Amendment claims. He alleges in Count I of the complaint that the Defendants (other than Clark) violated the Eighth Amendment's proscription against cruel and unusual punishment by subjecting him to unconstitutional conditions of confinement in the BAC over a 48-hour period. In Count II, Plaintiff asserts a failure-to-intervene claim against all Defendants (other than Clark) based on the allegation that the various DOC officials failed to prevent the unconstitutional conditions of his confinement. In Count III, Plaintiff asserts a supervisory liability claim against Clark based on the theory that Clark maintained a policy, practice, and custom of confining inmates to unconstitutional conditions in the BAC without a valid penological justification. In Count IV of the complaint, Plaintiff alleges that all Defendants (other than Clark) violated his Fourteenth Amendment rights by depriving him of procedural due process in connection with his confinement in the BAC.

Pending before the Court is a motion to dismiss these claims, which was filed on February 14, 2022 by Defendants Clark, Palko, Partsch, Byers, McHenny, and Santos. ECF No. 20. Plaintiff filed his response on April 21, 2022, making the Defendants' motion ripe for judicial review. ECF No. 34.

On August 10, 2022, Magistrate Judge Lanzillo issued the pending report and recommendation ("R&R") in which he concludes that the Defendants' motion should be granted. ECF No. 36. Initially, Judge Lanzillo recommends that this Court dismiss Plaintiff's claims against the DOC Defendants in their official capacities, as such claims are barred by the Eleventh

2

Amendment. The undersigned concurs that any official capacity claims for monetary damages should be dismissed without leave to amend, based on Eleventh Amendment grounds. It should be noted that the Eleventh Amendment does not bar official capacity claims for equitable relief, *see Ex parte Young*, 209 U.S. 123 (1908) and *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002); however, Plaintiff has not alleged any ongoing violation of federal law in this case as to which equitable relief would be appropriate. Therefore, the Court agrees with the Magistrate Judge's recommendation that all official capacity claims should be dismissed without leave for further amendment.

Judge Lanzillo next recommends that Count I be dismissed due to Plaintiff's failure to allege a plausible Eighth Amendment violation. Judge Lanzillo reasons that, "[w]hile the discomfort and unpleasant conditions [Plaintiff] experienced in the BAC were not ideal, due to his limited stay therein for the purpose of fulfilling his request for protection, the conditions alleged do not rise to the level of a constitutional violation." ECF No. 36 at 10. Judge Lanzillo further concludes that Plaintiff has not alleged any facts establishing the Defendants' deliberate indifference to his health and safety. *Id.* This Court agrees with the Magistrate Judge's analysis and recommendation as to Count I.

As to Count II of the complaint, Judge Lanzillo recommends dismissal of Plaintiff's failure-to-intervene claim on the grounds that the claim is duplicative of Count I and shares the same deficiencies. Again, this Court agrees with the Magistrate Judge's assessment.

Count III of the complaint attempts to state a claim for supervisory liability against Defendant Clark based upon an alleged policy, practice, and custom of confining inmates to BACs under unconstitutional conditions and without legitimate penological justification. Judge Lanzillo finds this claim deficient for two reasons: first, the complaint lacks sufficient factual

3

content to state a plausible basis for relief and relies instead on formulaic recitations of the elements of a supervisory liability claim; second, Plaintiff has not pled a predicate Eighth Amendment violation for the reasons previously discussed. Here again, the Court considers the Magistrate Judge's analysis sound and concurs with his recommendation.

Judge Lanzillo also recommends the dismissal of Plaintiff's procedural due process claim because, in his view, the complaint does not show that Plaintiff endured an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," which is required in order for Plaintiff to demonstrate the deprivation of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). To that end, Judge Lanzillo notes that confinement in administrative or protective custody does not, alone, constitute an atypical or significant hardship on inmates, nor do alleged violations of internal DOC policy in and of themselves rise to the level of a constitutional violation. The Court agrees that the procedural due process claim in Count IV is insufficiently pled and must presently be dismissed.

Finally, Judge Lanzillo recommends that Plaintiff be given leave to amend any claims that are not dismissed with prejudice. Based upon Judge Lanzillo's analysis, that would include all claims in Counts I through IV, except for those asserted against the Defendants in their official capacities.

Plaintiff filed his objections to the R&R on August, 22, 2022. ECF No. 37. With respect to the conditions-of-confinement claims in Counts I and II of the complaint, Plaintiff reiterates his theory that his administrative confinement in the BAC was unconstitutional because it lacked penological justification and was predicated solely upon his own request for protective custody. Plaintiff discusses DOC policy regarding the intended purpose of BACs, implying that Defendants did not adhere to the terms of that policy. He also cites to cases recognizing that

4

unsanitary conditions and continuous lighting may rise to the level of unconstitutional conditions of confinement, implicitly suggesting that the circumstances he has alleged in the complaint satisfy this standard. As to Count IV of the Complaint, Plaintiff argues that "when the conditions of administrative segregation are exceptionally harsh, you are entitled to some procedural protections[.]" ECF No. 37 at 9 (citing *Wilkinson v. Austin*, 545 U.S. 209 (2005)). He insists that "not allowing [him] nothing [sic] while in the BAC for 48 hours, [and] placing [him] in a BAC against DOC policy is clear evidence" that his Fourteenth Amendment rights were violated. *Id.*

The Court has carefully considered Plaintiff's objections but finds no basis therein for departing from the Magistrate Judge's recommendations. Accordingly, after *de novo* review of the Complaint, the Defendants' motion to dismiss and all filings related thereto, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections to the R&R, the following Order is entered:

NOW, this 25th day of August, 2022,

IT IS ORDERED that Defendants' motion to dismiss, ECF No. [20], shall be, and hereby is, GRANTED as follows:

1. Plaintiff's claims against the Defendants in their official capacities are hereby DISMISSED without leave for further amendment.

2. Plaintiff's claims against the Defendants in their personal capacities, as set forth in Counts I through IV of the complaint, are DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that, **in the event Plaintiff opts to amend his personal-capacity claims in Counts I through IV, he must file his amended complaint on or before**

5

**September 16, 2022**.  **In the event Plaintiff fails to amend his complaint within that time frame, the dismissal of his personal-capacity claims in Count I through IV of the complaint will be converted to a dismissal WITH PREJUDICE, and the case will be marked "closed," without further notice.**

Finally, IT IS ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo dated August 10, 2022, ECF No. [36], is adopted as the opinion of this Court.

_____
SUSAN PARADISE BAXTER
United States District Judge

cm:  Eric Davis
     MZ6900
     SCI Albion
     10745 Route 18
     Albion, PA  16475-0001
     (via U.S. Mail)

     Counsel of record (via CM/ECF)
     The Honorable Richard A. Lanzillo (via CM/ECF)